IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMISON WHITAKER, #24B00502, | § | |
| Plaintiff, | § | |
| V. | § | No. 3:24-cv-1153-B-BN |
| KEVIN BONEBERG, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamison Whitaker, while incarcerated at the Ellis County jail, filed a *pro se* complaint seeking monetary damages against three attorneys, two of whom Whitaker alleges are prosecutors, and a court clerk, in which Whitaker asserts claims plausibly related to a pending criminal case. *See* Dkt. No. 3. And Senior United States District Judge Jane J. Boyle referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing Whitaker's allegations, the Court determined that Whitaker's civil action should be stayed and administratively closed to avoid interference with ongoing state criminal proceedings. *See* Dkt. No. 7. The Court instructed Whitaker "(1) that he must file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with an order of the Court. *See* FED. R. CIV. P. 41(b)." *Id.* at 5-6.

On November 5, 2024, Whitaker filed a motion to reopen. *See* Dkt. No. 8. The motion stated that there was an entry of judgment in the applicable state criminal court on October 23, 2024, but did not provide any further information about the judgment or any appeals. So the Court denied the motion without prejudice because, "[u]nder the *Younger* abstention doctrine, federal courts should abstain from interference in certain state proceedings until the judgment is final and cannot be appealed further." Dkt. No. 9 at 2 (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)).

And the Court again instructed Whitaker

> (1) that he must file a motion to reopen the case within 60 days after entry of final judgment in the applicable state criminal court case after exhausting his state appellate remedies and (2) that the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with an order of the Court. *See* FED. R. CIV. P. 41(b). If Whitaker has already exhausted his state appellate remedies, he may refile his motion to reopen no later than January 13, 2025. In any motion to reopen, Whitaker should provide information about the judgment in the applicable state criminal court case and the date and result of any appeals.

*Id.*

To date, Whitaker has not filed any further motion to reopen in this case. But Whitaker filed a motion to reopen in December 2025 in another case also filed while Whitaker was incarcerated at Ellis County jail and also stayed and administratively closed due to the same pending criminal case. *See Whitaker v. Mills*, No. 3:24-cv-1064-K-BN, Dkt. No. 7 (N.D. Tex. Dec. 1, 2025). That motion attached a copy of the mandate issued by the Tenth Court of Appeals on October 8, 2025. *See id.* at 3. And a review of public records reflected that Whitaker was convicted of the offense of

terroristic threat after a jury trial. *See Whitaker v. State*, No. 10-24-00357-CR, 2025 WL 2256000 (Tex. App.—Waco Aug. 7, 2025, no pet.). His conviction was affirmed on direct appeal. *See id.* at *3. And he did not file a petition for discretionary review with the Texas Court of Criminal Appeals. So Whitaker's conviction became final on the thirtieth day that was not a Saturday, Sunday, or legal holiday after the final decision by the court of appeals (on August 7, 2025) when the time to file a petition for discretionary review expired – which was Monday, September 8, 2025. *See* TEX. CODE CRIM. PRO. art. 44.45(b)(2).

So the 60-day deadline to file a motion to reopen expired more than 8 months ago on November 7, 2025. Considering this procedural record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and dismiss it without prejudice under Federal Rule of Civil Procedure 41(b).

**Legal Standards**

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a

failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the

result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) ("A dismissal with prejudice is improper unless the case history evidences both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. A petitioner's delay meriting a Rule 41(b) dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity. A party's negligence does not make conduct contumacious; rather, it is the stubborn resistance to authority which justifies a dismissal with prejudice." (cleaned up)); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – *i.e.*, it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

**Analysis**

By not complying with the Court's order to file a motion to reopen within 60 days after his conviction became final – in addition to leaving the impression that Whitaker no longer wishes to pursue these claims – Whitaker has prevented this action from proceeding and has thus failed to prosecute this lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to further delay the disposition of this case, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

And, while it is not apparent based on the record here that dismissal of this lawsuit without prejudice at this time would effectively be a dismissal with prejudice, insofar as the recommended dismissal may somehow prejudice Whitaker, these findings, conclusions, and recommendation afford notice and the opportunity to file objections (as further explained below) to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should reopen this administratively closed action and dismiss it without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE